FILED

2008 Sep-17  AM 10:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DEBORAH GRANT and SCOTT GRANT, in their individual capacities and on behalf of a minor, T.G.,** | **)** **)** **)** **)** | |
| Plaintiffs, | **)** **)** | |
| **v.** | **)** **)** | Civil Action Number **2:07-cv-02257-UWC** |
| **RIVERCHASE MIDDLE SCHOOL and SHELBY COUNTY BOARD OF EDUCATION,** | ) ) ) ) | |
| Defendants. | **)** **)** | |

**MEMORANDUM OPINION DENYING PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

On December 12, 2007, Deborah and Scott Grant, in their individual capacities

and on behalf their minor son, T.G., ("Plaintiffs") filed this action against Riverchase

Middle School and the Shelby County Board of Education ("Defendants"), claiming

that Defendants violated T.G.'s right to privacy by releasing his psychiatric records

to another school.  The Plaintiffs  seek compensatory and punitive damages.

The Plaintiffs have now moved for partial summary judgment on three of their

causes of action.[1]  (Doc. 15.)

---

[1]Plaintiffs assert nine causes of action. The first two of these are based on federal law: (1)
violation of 42 U.S.C. §1983 ("§ 1983")–constitutional right to privacy; and (2) violation of the

Based on the uncertainty of Plaintiffs' entitlement to judgment as a matter of law notwithstanding the undisputed facts, Plaintiffs' Motion for Partial Summary Judgment is due to be denied.

## I. The Undisputed Facts[2]

Until October 2007, minor Plaintiff T.G. ("T.G.") was a student enrolled at Riverchase Middle School ("Riverchase"), operated by Defendant Shelby County Board of Education.  (Doc. 16, Pls.' Br. at 2.)  While attending Riverchase, T.G. was bullied by other students, which led his parents to seek psychiatric care for him.  Dr. Peter Sims was engaged to provide this service.  (Doc. 16, Pls.' Ex. A ¶4.)

On September 28, 2007, Dr. Sims prepared a psychiatric report which was voluntarily submitted by the adult Plaintiffs to Riverchase Middle School.  (*Id.*)  The report included T.G.'s psychiatric diagnoses and his prescribed psychiatric medications and doses.  (*Id.* at ¶6.)  The report was not solicited by Riverchase.  It was voluntarily offered to the school, without an accompanying request from the

---

Privacy Act, 5 U.S.C. §552a. The remaining seven causes of action are based on state law: (3) invasion of privacy—intrusion upon solitude; (4) invasion of privacy—giving publicity to private information; (5) intentional infliction of emotional distress; (6) tortious interference with a contractual relationship; (7) the tort of outrage; (8) negligence/wantonness; and (9) loss of consortium.

[2]When ruling on a motion for summary judgment, the Court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997).

adult Plaintiffs that it be treated as confidential.

On October 30, 2007, because of continuing harassment by his peers, T.G. withdrew from Riverchase, and applied for admission to Oak Mountain Classical School ("Oak Mountain"), a private school not affiliated with the Shelby County Board of Education.  (Doc. 16, Pls.' Br. at 2.)  T.G. was accepted to Oak Mountain. T.G. enrolled in Oak Mountain, purchased uniforms and books, and attended classes. He adjusted well to the new school setting.

Sometime    thereafter, Oak Mountain requested T.G.'s records from Riverchase. Without consulting with or obtaining the consent of T.G. or that of his parents, Riverchase released to Oak Mountain by fax the requested records, including T.G.'s  psychiatric report.[3]  (Doc. 16, Pls.' Ex. A ¶10.)

The Shelby County School Board feels that it was under no duty not to disclose T.G.'s school and medical records, in good faith and on a confidential basis, when requested by another school to which he had transferred.

Soon after receiving T.G.'s psychiatric report from Riverchase, Oak Mountain rescinded T.G.'s acceptance.  Thus, T.G. was forced to leave Oak Mountain School, which adversely affected his psychiatric state.  (*Id.* at ¶11.)

---

[3]The Riverchase fax to Oak Mountain indicated that document was stamped "CONFIDENTIAL  –  This document may not be released to other persons without consent."

3

In their motion, Plaintiffs seek summary judgment on three of their causes of action: violation of the constitutional right to privacy under § 1983 (Count I), violation of the Privacy Act of 1974 (Count II), and invasion of privacy (Count IV).

## II. The Controlling Law

### A.  The § 1983 Claim

Title 42 U.S.C. § 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

42 U.S.C. § 1983.

In *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 677 (1978), the United States Supreme Court held that municipalities and other local government entities are not immune to actions under 42 U.S.C. § 1983, and are subject to suit for infringing upon individual constitutional rights.  However, such suits cannot proceed under a theory of *respondeat superior*.  Instead, the alleged deprivation of constitutional rights must result from some official policy or custom.  *Monell*, 436 U.S. at 690-691, 693.[4]

Thus, to impose §1983 liability on a municipality, the Eleventh Circuit Court

---

[4]"[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."  *Monell,* 436 U.S. at 694.

of Appeals has held that a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *McDowell v. Brown* 392 F.3d 1283, 1290 (11th Cir. 2004) (interpreting *City of Canton, OH. v. Harris,* 489 U.S. 378, 388 (1989)).

"A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf for the municipality," while "[a] custom is a practice that is so settled and permanent that it takes on the force of law." *Cooper v. Dillon*, 403 F.3d. 1208, 1221 (11th Cir. 2005) (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "In order for a plaintiff to demonstrate a policy or custom, it is 'generally necessary to show a persistent and wide-spread practice.'" *McDowell*, 392 F.3d at 1290 (quoting *Wayne v. Jarvis,* 197 F.3d 1098, 1105 (11th Cir. 1999).

## B.  The Privacy Act Claim

Section 552 of the Privacy Act of 1974 provides, in relevant part,

**(b) Conditions of disclosure.** – No agency shall disclose any record which is contained in a system of records by any means of communication to any person , or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be  –
.....
**(3)** for a routine use as defined in subsection (a)(7) of this section ....

5

.....

**(8)** to a person pursuant to a showing of compelling circumstances affecting the health or safety of an individual if upon such disclosure notification is transmitted to the last known address of such individual.

A "routine use" is defined in subsection (a)(7) "means, with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected."  Medical histories and files are included in the Privacy Act's definition of  "record."  5 U.S.C. § 522a(1)(4).

When an agency fails to comply with the Privacy Act, it may be sued in a federal district court for appropriate relief, which may include actual damages and attorney fees if the court determines that the violation was intentional or willful.  5 U.S.C. § 552(g).

The law in this Circuit is well established:

Section 3 [5 U.S.C. § 552(b)] of the Privacy Act ***applies only to federal agencies,*** and, among other things, delineates an individual's right to records of federal agencies and right to be protected from disclosure of records by federal agencies. Section 3 contains a comprehensive remedial scheme which includes the right to bring a civil action against a federal agency; however, the remedial scheme of section 3 states that it applies ***only*** to section 3.

*Schweir v. Cox*, 340 F.3d 1284, 1287 (11th Cir.2003)(emphasis in original.). Other circuits which have addressed the issue have reached the same conclusion.  *St. Michael's Convalescent Hosp. v. State of Cal.*, 643 F.3d 1369 (9th Cir.1981); *Grand Cent. Partnership v. Cuomo*, 166 F.3d 473 (2d Cir.1999); *Johnson v. Wells*, 566 F.2d

1016, 1018 (5th Cir.1978); *Perez-Santos v. Malave*, 2001 WL1518823, at \*12 (1st

Cir. 2001); *Polchowski v. Gorris*, 714 F.2d 749, 752 (7th Cir. 1983).

### C.  The Invasion of Privacy Claim

Under Alabama law,

> [o]ne who gives publicity to a matter concerning the private life of
> another is subject to the other for invasion of his privacy, if the matter
> publicized is of a kind that   (a) would be highly offensive to a
> reasonable person, and (b) is not of legitimate concern to the public.

*Ex Parte Birmingham News*, 778 So.2d. 814, 818 (Ala. 2000) (adopting the language

of the RESTATEMENT(SECOND) OF TORTS § 652(D)).   The comment to § 652(D)

explains that "'publicity'. . . means that the matter is made public, by communicating

it to the public at large, or to so many persons that the matter must be regarded as

substantially certain to become one of public knowledge." RESTATEMENT (SECOND)

OF TORTS § 652D cmt. a (1977).  *See also Ex Parte Birmingham News* 778 So.2d at

818; *Johnson v. Fuller* 706 So.2d 700, 703 (Ala. 1997).

The comments go on to state that "it is not an invasion of the right to privacy

. . . to communicate a fact concerning the plaintiff's private life to a single person or

even to a small group of persons." *Id.*

### III. Standards for Summary Judgment

Summary judgment is appropriate where the movant demonstrates that there

is no genuine issue as to any material fact and that, based upon the undisputed facts,

the movant is entitled to judgment as a matter of law.  *See Earley v. Champion Int'l*

*Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56(c).

The party requesting summary judgment "always bears the initial responsibility

of informing the district court of the basis for its motion, and identifying those

portions of 'the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any,' which the moving party believes demonstrate

the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)).

When ruling on a motion for summary judgment, the court must view the facts

in a light favorable to the nonmoving party.  *See, e.g., Raney v. Vinson Guard*

*Service*, 120 F.3d 1192, 1196 (11th Cir. 1997).  "The district court should resolve all

reasonable doubts about the facts in favor of the nonmoving party . . . and draw all

justifiable inferences . . . in his favor . . ." *United States v. Four Parcels of Real*

*Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (internal quotation marks omitted).

"All doubts as to the existence of a genuine issue of material fact must be resolved

against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d

994, 996-97 (5th Cir. 1979).  The Eleventh Circuit has held that evidence that is

merely colorable, conclusory, or conjectural does not create a genuine issue of

material fact. *See, e.g.*, *Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d 1493, 1498 (11th Cir. 1989).

"When a motion for summary judgment is made and supported . . . an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse  party's  response, by affidavits or as otherwise provided  by [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## IV. Analysis

On the § 1983 claim, Plaintiffs have not cited a single case for the proposition that § 1983 is violated where a citizen voluntarily tenders her child's  medical records to a public school without a request that the records not be further disseminated,  and thereafter, upon the request of the private school to which the child has transferred, the public  school  discloses  the records  in  good  faith  and  on  a  confidential  basis.

To be sure, the constitutional right of privacy extends to medical records, but the inquiry does not end there. Did the plaintiffs waive their right of privacy when the unsolicited records were offered to the school board without restriction as to their use?  Was the confidential disclosure privileged?

Moreover, it is not clear that in faxing the medical records to Oak Mountain School, the responsible employee was acting pursuant to a custom or policy of the

Shelby County Board of Education. The mere fact that the records were disclosed upon request is insufficient to establish a policy.

In any event, viewing the evidence in a light most favorable to the Defendant school board, Plaintiffs are not entitled to summary judgment on their § 1983 claim.

Plaintiff fare even less well on their federal Privacy Act claim. The Court has no jurisdiction over this claim, since the Privacy Act of 1974 simply does not extend to state agencies. The Court cannot acquire that jurisdiction by the waiver or agreement of the Defendant.

On their state law invasion of privacy claim, Plaintiffs have failed to satisfy the first and key element: publicity. *Ex parte Birmingham News*, 778 So.2d at 818. Publicity is defined as communicating facts to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. *Id.* In this case, as in the cases that have interpreted this rule, publicity is highly fact specific and depends on the matter communicated and the means used.

Again viewing the facts in a light most favorable to the Defendants, Plaintiffs have failed to show that Defendants publicized T.G.'s psychiatric records by faxing them to Oak Mountain on a confidential basis. They have offered no evidence of the identity or the number of persons who received the confidential information. Under

the facts as shown, Plaintiffs are not entitled to judgment as a matter of law on their

invasion of privacy claim

## Conclusion

By separate order, the Plaintiffs' motion for partial summary judgment will be

denied.

Done the 17th day of September, 2008.

_____
U.W. Clemon
United States District Judge
